**No. 22-_____**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

_____

**Terrance Walker**
*Plaintiff-Appellant,*

v.

**Intelli-heart Services, et. al.**
*Defendants-Appellees.*

_____

APPEAL OF MINUTE ORDER BANNING FUTURE FILINGS

AND DENIAL OF RULE 60(b)(6) MOTION

CASE NO. CV 3:18-00132

_____

**NOTICE OF CONSTITUTIONAL CHALLENGE TO THE NEVADA**
**ANTI-SLAPP LAW**

_____

**Terrance Walker**
212 Hillcrest Dr
Reno NV 89509
Phone: 775-971-8679
*email*: walkerbillion@gmail.com

# I. NOTICE PLAINTIFF CHALLENGES NEVADA ANTI-SLAPP LAW

FRAP 44(b) states,

> "If a party questions the constitutionality of a statute of a State in a proceeding in which that State or its agency, officer, or employee is not a party in an official capacity, the questioning party must give written notice to the circuit clerk immediately upon the filing of the record or as soon as the question is raised in the court of appeals. The clerk must then certify that fact to the attorney general of the State."

In a previous appeal, this Court had held in relation to analysis of the first prong of

an adverse Nevada Anti-Slapp law judgment,

"*Walker's assertion that Defendants made **false statements to the VA** about the timeliness of their payments to non-party James Winters is **beside the point***; the "gist" of Defendants' communications to the VA was that Walker was not IHS's subcontractor. Smith v. Zilverberg, 481 P.3d 1222, 1228 (Nev. 2021)" Walker ex rel. United States v. Intelli-Heart Servs., Inc., No. 20-15688, 2021 WL 4316835, at *1-2 (9th Cir. Sept. 23, 2021)

Plaintiff-Appellant Terrance Walker ("Walker") timely filed a Rule 60(b)(6)

**motion for relief from judgment** (EFC 256) 1 day after his Petition for Writ of

Certiorari[1] was denied in the Supreme Court challenging Nevada Anti-Slapp law.

---

[1] Walker's U.S. Supreme Court petition filed on Dec. 2, 2021. (See 2021 WL 5827341) was denied Feb. 22, 2022

While his Petition was being filed, Nevada changed the law. Walker urged that 9th Circuit "beside the point" ruling was wrong based upon the new analysis[2].

Obviously there is a considerable gap between holding that a Plaintiff's allegations (such as Walker's) are ***beside the point*** and holding that a ***court must evaluate the communication as it is alleged in the plaintiff's complaint***.

Yet, the U.S. District Court (EFC 257) implicitly held that these obviously contradictory holdings mean the same[3] – and that a court can utilize Nevada Anti-Slapp law procedures in federal court and disregard a Plaintiff's Complaint allegations (e.g. as "beside the point"), including false statements to federal contracting officials.  This is unconstitutional because it is a federal crime[4] to lie to

---

[2] Spirtos v. Yemenidjian, *137 Nev. Adv. Op. 73, 499 P.3d 611,616-617 (2021), held "we conclude that at step one of the anti-SLAPP analysis, **a district court and this court must evaluate the communication as it is alleged in the plaintiff's complaint and in any of the plaintiff's clarifying declarations**. Rosen v. Tarkanian, 135 Nev. 436, 441, 453 P.3d 1220, 1224 (2019) (observing that at step one of the anti-SLAPP analysis, a court should evaluate whether the **"gist or sting" of the at-issue statement is a protected communication**).*

[3] "...The Court maintains that the dispositive orders it issued in this case were correctly decided even in light of Spirtos v. Yemenidjian, 499 P.3d 611 (Nev. 2021)...." (EFC 257)

[4] For instance, the Eleventh Circuit's recent decision in U.S. v. Bazantes 978 F.3d 1227 (11th Cir 2020)(Affirming conviction of a federal contractor under the False Statements Act of person(s) who "submitted to the agency certified payroll forms containing false, fictitious, and fraudulent statements" Title 18 § 1001(a)(3)) Like this case, U.S. v. Bazantes involves misrepresentations of a federal  contractor to a federal agency regarding payments to the contractor's workers. In a

federal officials and state law cannot shield federal crime[5] .  It's also

unconstitutional for other reasons:

> A federal rule falls within Congress's power under "the constitutional provision for a federal court system (augmented by the **Necessary and Proper Clause**)" if it is "rationally capable of classification" as procedural. *Hanna* , 380 U.S. at 472, 85 S.Ct. 1136. The Federal Rules have "presumptive validity under both the constitutional and statutory constraints." *Burlington* , 480 U.S. at 6, 107 S.Ct. 967.

Carbone v. Cable News Network, Inc., 910 F.3d 1345, 1357 (11th Cir. 2018)(citing Shady Grove Orthopedic v. Allstate Ins. Co., 559 U.S. 393 (2010)); also see La Liberte v. Reid, 966 F.3d 79, 83 (2d Cir. 2020)

Walker is giving this Court and Clerk notice to alert the state of Nevada that

even this new, tendentious interpretation of Nevada Anti-Slapp law (Nev. Rev. Stat.

§§ 41.635–41.670), is being challenged as unconstitutional.

Respectfully,
/s/ Terrance Walker
Terrance Walker

---

comprehensive and carefully reasoned opinion, the Eleventh Circuit held that such conduct is criminal (not "privileged" as Defendants have claimed in  obtaining their Anti-Slapp judgment).

In U.S. v. Bazantes ,"What matters is that Arbelaez and Bazantes lied on the forms that went to the CDC" Id at 1236 n.2 They told a federal agency (the CDC) they had "employees, not independent contractors" Id. 1235 They, similar to Defendants here, passed along fake payment information to a federal agency because they "did not want the [agency] to know that those workers were paid as independent contractors because that might cause the [agency] to ask questions, pause payment" 978 F.3d 1234

[5] The Supremacy Clause establishes that the United States Constitution and all federal laws enacted pursuant to the federal constitution are "the supreme Law of the Land." U.S. Const. art. VI, § 2