FILED

OCT 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRANCE WALKER, ex rel. United States,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>INTELLI-HEART SERVICES, INC.; DANNY WEISBURG; VANNESSA PARSONS; DANIEL L. GERMAIN,<br><br>Defendants-Appellees. | No. 22-15291<br><br>D.C. No. 3:18-cv-00132-MMD-CLB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted October 26, 2023**
San Francisco, California

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Terrance Walker appeals pro se from the district court's order denying his Federal Rule of Civil Procedure 60(b)(6) motion for relief from the judgment in this action.[1] We review for an abuse of discretion,[2] and we affirm.

The district court reasonably determined that no extraordinary circumstances justified reopening the judgment. *See Henson*, 943 F.3d at 443–44. Even if *Spirtos v. Yemenidjian*, 499 P.3d 611, 614 (Nev. 2021), worked some change in Nevada's anti-SLAPP[3] jurisprudence, it was not with respect to "'an issue dispositive to the outcome of the case'" at hand. *Martinez v. Shinn*, 33 F.4th 1254, 1263 (9th Cir. 2022); *see Bynoe v. Baca*, 966 F.3d 972, 983 (9th Cir. 2020). First, *Spirtos* plainly did not disturb Nevada law regarding the gist of the claim. *Spirtos*, 499 P.3d at 616; *see also Abrams v. Sanson*, 458 P.3d 1062, 1068–69 (Nev. 2020). Second, nothing in *Spirtos* changed the fact that certain of Walker's allegations were irrelevant to his claims, particularly in light of the conclusions reached in the underlying judgment. *See Spirtos*, 499 P.3d at 616. Third, *Spirtos* did not change

---

[1] To the extent that Walker attempts to appeal issues not arising from the district court's disposition of his Rule 60(b)(6) motion, we dismiss the appeal. *See Harman v. Harper*, 7 F.3d 1455, 1457–58 (9th Cir. 1993).

[2] *See Henson v. Fidelity Nat'l Fin., Inc.*, 943 F.3d 434, 443 (9th Cir. 2019); *United States v. Hinkson*, 585 F.3d 1247, 1261–63 (9th Cir. 2009) (en banc).

[3] Strategic Lawsuit Against Public Participation, Nev. Rev. Stat. §§ 41.635–41.670.

(and could not have changed) this court's interpretation or application of the Federal Rules of Civil Procedure to anti-SLAPP motions in federal court. *See CoreCivic, Inc. v. Candide Grp., LLC*, 46 F.4th 1136, 1143 (9th Cir. 2022). Because *Spirtos* did not change the law governing the judgment, the district court did not need to explicitly examine the *Phelps v. Alameida*, 569 F.3d 1120, 1135–40 (9th Cir. 2009), factors in its order denying Walker's motion. *See Mitchell v. United States*, 958 F.3d 775, 790–91 (9th Cir. 2020); *see also Henson*, 943 F.3d at 444.

The district court also did not abuse its discretion in stating that it would "not entertain any further filings in this closed case." *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). The order does not prevent future filings and was a reasonable response to Walker's copious and burdensome motion practice, particularly when the matter was closed. *See Dietz v. Bouldin*, 579 U.S. 40, 45–46, 136 S. Ct. 1885, 1892, 195 L. Ed. 2d 161 (2016).

**AFFIRMED**. All pending motions are **DENIED**.